UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNY L. FUTCH,                )
                               )
            Petitioner,        )
                               )
    v.                         )   CAUSE NO. 3:18-CV-352-JD-MGG
                               )
WARDEN,                        )
                               )
            Respondent.        )

OPINION AND ORDER

On September 28, 2018, the United States Court of Appeals for the Seventh Circuit remanded this case to the district court for the limited purpose of deciding whether to extend the time for Kenny L. Futch to appeal this case. ECF 19. Futch had previously filed a Notice of Belated Interlocutory Appeal (ECF 6), which the Seventh Circuit construed to include a request to extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5).

The amended judgment was entered on May 31, 2018. ECF 5. Futch had thirty days to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). However, he did not tender his notice of appeal to prison officials until July 5, 2018. ECF 6-1 at 4. Futch states he was unable to file a timely notice of appeal for the following reasons:

> That during the time of appeal the Legal Assistance Program implicated at Miami I.D.O.C. did not timely meet constitutional standards due to being on lock down law library randomly closed down for more than (3) three plus holidays and that legal assistance governing research, drafting, mailing and notary was dysfunctional, restrictive, and delayed.

ECF 6 at 1-2.

Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the district court has discretion to extend the time for filing an appeal if the request is made prior to or within thirty days after the expiration of the time for appealing, and if the movant can make a showing of good cause or excusable neglect. Here, Futch's request is timely under Fed. R. App. P. 4(a)(5)(A), since it was tendered to prison officials for mailing within thirty days of the expiration of the deadline for filing a notice of appeal. ECF 6-1 at 4. However, because the deadline for filing an appeal had already run when Futch filed his request, he must meet the more rigorous "excusable neglect" standard rather than simply establishing "good cause." *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996). Determining whether neglect was excusable is an "equitable" determination, "taking into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005).

Here, Futch seeks only a three-day extension of the deadline based on circumstances that were outside of his control. Specifically, he states he was not able to timely complete his appeal because the prison was on lock down and he was unable to access the law library and research services he needed for his appeal. ECF 6 at 1-2. There is little danger of prejudice, nor is there a significant disruption of judicial proceedings, given the minimal length of the delay. The court is also cognizant that Futch is a prisoner without a lawyer, and there is nothing to suggest he has acted in bad

faith. *See United States v. Kaden*, 819 F.2d 813, 816-17 (7th Cir. 1987) (district court properly granted pro se prisoner leave to file belated notice of appeal when he failed to file timely notice of appeal due to circumstances outside of his control). The court concludes that Futch has established excusable neglect sufficient to warrant a short extension of the deadline.

For these reasons, Futch's request to extend the time to file his appeal (ECF 6) is GRANTED. Pursuant to Fed. R. App. P. 4(a)(5)(C), the deadline for filing a notice of appeal is EXTENDED to July 5, 2018.

SO ORDERED on October 9, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT